IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA PLAINTIFF

v. No. 4:18-cr-284-DPM

JASON LAWNICZAK DEFENDANT

# ORDER

Lawniczak pleaded guilty of enticement of a minor in June 2020. He was sentenced that November. He didn't appeal. Almost six years later, he filed a § 2255 petition to vacate his sentence, arguing that his noncognitive and psychiatric deficits prevented him from entering a knowing, voluntary, and intelligent plea. A hearing isn't necessary. 28 U.S.C. § 2255(b); *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013); *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013).

The *habeas* statute imposes a one-year statute of limitations. 28 U.S.C. § 2255(f). Lawniczak says that his petition is timely under subsection (f)(4) because he only recently obtained certified medical records about his mental health conditions. Even assuming that is true, the records themselves, and the information contained in them, date back decades. After being charged in this case, he underwent two separate psychological evaluations, and the Court found that he was competent at two separate hearings before accepting his guilty plea.

The medical issues raised in the petition were explored in those evaluations. *Doc. 22 & 41.*

The petition, *Doc. 91*, is denied with prejudice as untimely. No certificate of appealability will issue. 28 U.S.C. § 2253(c)(1)–(2).

So Ordered.

D.P. Marshall Jr.
United States District Judge

27 October 2026